## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.,                          Case No.

            Plaintiff,                          Hon.

v.

BETHANY CHRISTIAN SERVICES,

            Defendant.

_____

Chris E. Davis (P52159)
Michigan Protection and Advocacy Service, Inc.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
Email: cdavis@mpas.org

_____

## COMPLAINT

## INTRODUCTION

1.   Plaintiff, Michigan Protection and Advocacy Service, Inc. (MPAS), brings this action for declaratory and injunctive relief pursuant to 42 U.S.C. §§ 10807-10827, the Protection and Advocacy for Individuals with Mental Illness Act of 1986

(PAIMI); 42 U.S.C. §§ 15041-15045, the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD); and 29 U.S.C. § 794e, the Protection and Advocacy of Individual Rights (PAIR), Program of the Rehabilitation Act of 1973, as amended.

2. Plaintiff, MPAS, challenges Defendant's failure to disclose documents relating to allegations of abuse and neglect of its client.

3. This requested information from Defendant and disclosure is required by the PAIMI, DD, and PAIR Acts.

4. MPAS is charged with the responsibility, both under federal and state law, to investigate allegations of abuse and neglect against persons with disabilities.

5. MPAS is charged with the responsibility to abuse and neglect of individuals with disabilities and to access records of such individuals.

6. Defendant's failure to provide the documents and information at issue has interfered with Plaintiff's investigative responsibilities and resulted in Plaintiff being denied its rights, pursuant to the

PAIMI, DD, and PAIR Acts to investigate the suspected incidents of abuse and neglect.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.  Plaintiff's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827, 42 U.S.C. §§ 15041-15045, 29 U.S.C. § 794e, and   42 U.S.C. § 1983.

9.  Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201, 2202.

10. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as all of the events and omissions complained of below occurred in this district.

## PARTIES

11. Plaintiff, MPAS, is a Michigan non-profit corporation.

12. The Governor of Michigan has designated MPAS as the state's protection and advocacy system, pursuant to M.C.L. § 330.1931(1), with the responsibility to enforce and carry out the federal mandates under the PAIMI, DD and PAIR Acts.

3

13. As the state's protection and advocacy system, MPAS is required to investigate allegations of abuse and neglect of persons with disabilities.  M.C.L. § 330.1931(2).

14. Upon information and belief, Defendant, BETHANY CHRISTIAN SERVICES (BCS), is a domestic non-profit corporation, whose primary place of business is in the City of Grand Rapids, Kent County, Michigan.

**FACTS**

15. On or about July 5, 2018, MPAS learned of allegations of abuse/neglect against an individual (S.M.) who was a resident at BCS.

16. The allegation(s) involves neglect and abuse.

17. Based on the information received, MPAS determined it had probable cause to open an investigation into the allegations of possible abuse and neglect.

18. In order to evaluate the allegations, MPAS requires records from the Defendant that relate to the alleged incident of abuse and neglect.

19. MPAS staff has made requests for these records to the Facility, but Defendant has not provided the records requested.

20. Under the Federal P&A Acts the state's P&A system is authorized to receive the requested records.

## COUNT I – VIOLATION OF THE PAIMI ACT'S
## ACCESS TO RECORDS PROVISION

21. Plaintiff realleges and incorporates paragraphs 1 through 20 as though fully set forth herein.

22. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the PAIMI Act applies when conducting abuse and neglect investigations. 42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A,B).

23. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the PAIMI Act, 42 U.S.C. §§ 10801-10827.

24. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with mental illness.

25.  MPAS made a probable cause determination that abuse and neglect occurred and that the individual is covered under this act.

26.  The Defendant is a covered entity under this act.

27.  MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## COUNT II – VIOLATION OF THE DD ACT'S ACCESS TO RECORDS PROVISION

28.  Plaintiff realleges and incorporates paragraphs 1 through 27 as though fully set forth herein.

29.  MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the DD Act applies when conducting abuse and neglect investigations.  42 U.S.C § 15043.

30.  Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the DD Act, 42 U.S.C. § 15043.

31.  Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to

6

investigate allegations of abuse and/or neglect of individuals with developmental disabilities.

32.  MPAS made a probable cause determination that abuse and neglect occurred and that the individual is covered under this act.

33.  The Defendant is a covered entity under this act.

34.  MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## COUNT III – VIOLATION OF THE PAIR ACT'S ACCESS TO RECORDS PROVISION

35.  Plaintiff realleges and incorporates paragraphs 1 through 34 as though fully set forth herein.

36.  MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the PAIR Act applies when conducting abuse and neglect investigations. 29 U.S.C. § 794e, and 42 U.S.C. §15043.

37.  Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the PAIR Act, 29 U.S.C. § 794e.

7

38. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to monitor facilities and to prevent abuse and/or neglect of individuals with mental illness.

39. MPAS made a probable cause determination that abuse and neglect occurred and that the individual is covered under this act.

40. The Defendant is a covered entity under this act.

41. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that Defendant's actions and failures to act violate the PAIMI, DD, and/or PAIR Acts by:

    i) Denying Plaintiff access to records to which it is entitled to under federal law; and

    ii) Preventing MPAS from fully performing its statutory duty to investigate incidents of suspected abuse and/or

8

neglect of persons with disabilities, in violation of the PAIMI, DD, and/or PAIR Acts.

B.   Enter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendant to provide MPAS all reports, documents, and records relating to the alleged victim and that Defendant comply with the provisions of the PAIMI, DD and PAIR Acts now and in the future;

C.   Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI, DD and PAIR Acts; and

D.   Order such other, further, or different relief as the Court deems equitable and just.

Respectfully submitted,


Dated: August 23, 2018

s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
cdavis@mpas.org
P52159

9